IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY HYMES                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO.2:06CV42-MPM-JAD

CHARLES THOMAS, ET AL                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, who is not an inmate, filed suit against the defendants asserting they had interfered with mail sent to inmate Garry Moore. Moore, who long ago received three strikes, continues to submit frivolous actions to this court. Hymes alleges that the mail was never delivered to Moore and that his Free Speech Rights have been violated. He asserts that there are no procedural safeguards such as notice that the mail had not been delivered or rejected.

Plaintiff filed a motion for a preliminary injunction (Doc. 4). His complaint seeks "[i]njunctive relief enjoining defendants from restricting and preventing plaintiff's communications with Moore via U.S. Mail." His motion contains the vague request that the injunction direct the defendants to "allow plaintiff to send, and receive, mail to, and from, inmate Garry Moore." While the motion refers to the right of the defendants to scan or censor the mail, Hymes, who is not an attorney, in his complaint also claims that his correspondence with Moore is legal mail. Even if the mail addresses legal issues, it is not 'legal' mail, because no attorney client privilege attaches. It is unclear exactly what Hymes wants in injunctive relief..

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court. Canal Authority of State

of Florida, 489 F.2d at 572. However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting injunctive relief will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621.

To the extent that Hymes may seek to place his correspondence into the more protected 'legal' status, his claim can be expected to fail. To the extent that it complains of outright censorship, it cannot be said, based upon the plaintiff's conclusory descriptions of the correspondence, that he has demonstrated a likelihood of success. Inmate mail presents security issues of obvious concern for the defendants specifically and the public interest generally. The security interests are so compelling that even bona fide legal mail is subject to restrictions. *Wolf v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed. 2d 935 (1974) and *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993). Based on the foregoing the undersigned finds that the plaintiff has failed to demonstrate a substantial likelihood of success. There is no showing that the potential harm to the plaintiff outweighs the potential harm to the defendants. There is no showing that the public interest will be served by the granting of injunctive relief. Accordingly, the undersigned recommends that the motion for preliminary injunction be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

      This the 15th day of August, 2006.

      /s/ JERRY A. DAVIS
      UNITED STATES MAGISTRATE JUDGE