IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA  DIVISION

LARRY HYMES                                                                                          PLAINTIFF

VS.                                                                    CIVIL ACTION NO.2:06CV42-MPM-JAD

H.M. "MACK" GRIMMETT, ET AL.                                                        DEFENDANTS

REPORT AND RECOMMENDATION

Larry Hymes has sued Bolivar County Sheriff Mack Grimmett, Thomas Taylor, the Warden

of the Bolivar County Correctional Facility(BCRCF), Brandie Hudson, the mail officer of BCRCF,

and "their liability insurers."  The individual defendants have moved to dismiss for failure to state

a claim and on the basis of qualified immunity (Doc.21).  The plaintiff has responded in opposition

to the motion.

Motions to dismiss for failure to state a claim under Fed.R Civ P. 12(b)(6) are viewed with

disfavor and rarely granted.  *Lowry v. Texas A&M University System*, 117 F.3d 242, 247 (5th Ci.

1997). No complaint may be dismissed for failure to state a claim "unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th

Cir. 1995). Additionally, the court must accept all well-pleaded facts in the complaint as true and

view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

1996). The court cannot look beyond the pleadings. *Id*.; *Spivey v.Robertson* , 197  F.3d 772, 774 (5th

Cir. 1999), *cert. denied*, 120 S. Ct. 2659 (2000). The ultimate question in a Rule 12(b)(6) motion is

whether the complaint states a valid cause of action when it is viewed in the light most favorable to

the plaintiff and with every doubt resolved in favor the plaintiff. *Lowery*, 117 F.3d at 247.

The defendants assert that Hymes lacks standing to assert any violation of Garry Moore's constitutional rights. They are correct in this assertion. Though the complaint and motions in this matter appear to be the work of Garry Moore, he is not a party to this action, has no interest in this action and no right to receive even one cent of any recovery. Only Garry Moore may assert his constitutional rights and he has long since been barred from filing *in forma pauperis* under the three strike provisions of the Prisoner Litigation Reform Act.

The plaintiff alleges that 'legal' mail was intercepted and confiscated, in violation of his First Amendment rights. The defendants counters that the plaintiff has no right to use the legal mail system, with its claim of privilege. The defendants allege that the mail was appropriately confiscated due to violation of MDOC regulations. Clearly correspondence between Hymes, who is not an attorney, and Moore is not legally privileged. If such correspondence was marked as legally privileged and confiscated because it amounts to an attempt to misuse the legal mail system, then the defendants would appear to have no liability.

Unfortunately for the defendants, the complaint only alleges that the plaintiff attempted to mail legal papers to Moore and that the papers were confiscated. This court is well familiar with Mr. Moore and his habit of filing frivolous litigation. If the facts are as alleged in the motion to dismiss, the litigation this would appear to be another piece of frivolous litigation. Without supporting affidavits, the motion could not be considered and ruled upon as a motion for summary judgment. Just as Mr. Moore has no stake in any recovery by Mr. Hymes, the plaintiff should be warned that he and not Moore may be the sole party in peril of any sanctions for the filing of this action. See Rule 11 Federal Rules of Civil Procedure. The complaint states a claim by Hymes. The undersigned recommends that the motion to dismiss be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.  Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 17th day of January, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE