# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

LARRY HYMES,                                                                                                  PLAINTIFF

V.                                                        NO. 2:06CV42-M-D

H.M. "MACK" GRIMMETT, et al.,                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on Defendants' motion for summary judgment. After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 529 (1972), the court finds that summary judgment shall be granted in favor of all Defendants.

*A. Factual and Procedural Background*

Larry Hymes filed this complaint pursuant to 42 U.S.C. § 1983. Hymes alleges that "legal mail" was intercepted and confiscated by the Defendants in violation of his First Amendment Rights. Specifically, Hymes, a former inmate, contends that Defendants wrongfully confiscated legal mail he attempted to send Gary Moore, an inmate housed at Boliver Count Correctional Facility. For the purported trampling of his rights, Hymes is seeking compensatory and punitive damages along with costs and attorney's fees.

The court previously denied Hymes' request for a preliminary injunction finding he had failed to demonstrate likely success on the merits of his claim. The court has also denied the Defendants' motion to dismiss citing a lack of evidence. The Defendants have now filed a motion for summary judgment in which they admit confiscating the mail. The Defendants argue that Hymes, who is not an attorney, had no protected right to use the legal mail system or assert any privilege thereof. Therefore, Defendants assert the correspondence, which included an "assortment of case law," was appropriately confiscated as contraband pursuant to Mississippi of Department of

Corrections ("MDOC") regulations. The Defendants' arguments are similar to those in their prior motion to dismiss with one important distinction. Defendants have submitted uncontradicted proof refuting Hymes' claim.

Despite an October 2007 order allowing Hymes additional time to submit a response to the summary judgment motion, he has wholly failed to respond. Though the court may not grant summary judgment for that reason alone, the lack of a response is illuminating. The absence of a response may also indicate Hymes has lost interest in pursuing this matter.[1]

### B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that

---

[1] Hymes' lack of response could be construed as a failure to prosecute which would be sufficient to warrant dismissal. See Fed. R. Civ. P. 41(b).

no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## C. Discussion

In order to set forth a 28 U.S.C. § 1983 claim, a plaintiff must show a violation of a constitutional or federally secured right. *Martin v. Thomas*, 973 F.2d 449, 452 (5th Cir. 1992). It is beyond dispute that inmates possess a constitutionally protected liberty interest arising out of the First Amendment in communicating with the courts or an attorney through the mail system subject to limited interference by prison officials. *Wolff v. McDonnell*, 481 U.S. 539 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (access to the courts); *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (access to legal advice). In comparison, other types of correspondence can properly be subjected to more thorough inspection by prison officials. *See Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993). Prison officials may limit First Amendment rights when legitimate penological objectives such as institutional order and security outweigh the concerns associated with preservation of the inmate's rights. *Thornburgh v. Abbott*, 490 U.S. 401, 404, 419, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). The judgment of prison administrators regarding matters of security is afforded great deference. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

The undisputed facts are that Hymes sent a package to Gary Moore, a prisoner. The package was marked "legal mail." An MDOC employee, who knew Hymes to be a former inmate, determined that the correspondence was not legal material because it was not sent from a judge, court or attorney. Neither Hymes nor Moore are attorneys and, thus, may not assert the attorney-client privilege. Since, the correspondence had been labeled as legal material but was in fact not legally privileged information, it was considered contraband and confiscated in accordance with MDOC regulations. Hymes has not challenged these facts. Nor has he impugned the prison

officials' legitimate ability to control and establish acceptable mail-handling procedures. Hymes has not refuted that the MDOC regulations were related to legitimate penological interests.

Simply stated, Hymes, a non-lawyer, had no constitutionally recognized right to use the prison's "legal mail" system. In contrast, prison officials have a legitimate security interest in opening and inspecting incoming mail for contraband. *Thornburgh*, 490 U.S. at 413-414; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Accordingly, the literature Hymes attempted to send Moore was properly confiscated as an inappropriate use of the legal mail system.[2] *See Weiler v. Purkett*, 137 F.3d 1047 (8th Cir. 1998) (prison regulation that prohibited inmates from receiving legal material in mail from friends and family was constitutional).

Therefore, given the absence of a constitutional right, Hymes' § 1983 claim must fail. Since there is no contradictory proof, there is also no disputed issue of material fact worthy of a jury's consideration. Accordingly, Defendants' summary judgment motion shall be granted.

A separate order in accordance with this opinion will be entered.

THIS the 11th day of January, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] With different facts, there might exist a colorable First Amendment violation for censorship. *See Taylor v. Sterrett*, 532 F.2d 462 (5th Cir. 1976). For example, if Hymes had simply attempted to send his correspondence through the general mail system without misleading prison officials as to the nature of the material a different analysis would be necessary. *Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974) (requiring important or substantial governmental interest unrelated to the suppression of non-legal prisoner mail and prohibiting any limitation greater than necessary). The court, however, expresses no opinion as to whether confiscation of this type of material sent via general mail would comport with the Constitution.